UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ANA ETHEL MARIA KRAMER,                    2:15-cv-997-JR

            Plaintiff,

                                                                     ORDER

        v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

RUSSO, Magistrate Judge:

Plaintiff brings this action seeking review of the Commissioner's decision declining to reopen prior applications for benefits.

## PROCEDURAL BACKGROUND

Plaintiff, Ana Kramer, filed an application for disability insurance benefits (DIB) in October 2008 and applications for supplemental security income benefits (SSI) and DIB September 2010. The Social Security Administration denied the 2008 application on March 18, 2009. Tr. 37. The

Page 1 - ORDER

Administration denied the 2010 applications on March 1, 2012, after reconsideration of an initial denial. Tr. 37. Plaintiff did not request a hearing.

On March 21, 2012, plaintiff again filed applications for DIB and SSI (with a protective filing date of February 28, 2012) alleging disability beginning June 1, 2009. Tr. 154, 157,[1] 171. The claims were denied initially and on reconsideration. Tr. 104, 109, 115, 119. Plaintiff requested a hearing which was held on October 30, 2013. Tr. 16. The administrative law judge (ALJ) found the alleged onset date of June 1, 2009, includes a period already covered by the prior agency determination in which claimant was deemed not disabled as of March 1, 2012. The ALJ also noted plaintiff's last date insured for purposes of her DIB claim was December 31, 2010. The ALJ found no basis for reopening the prior DIB application and, accordingly, dismissed plaintiff's application for DIB. Tr. 16. The ALJ did find plaintiff disabled as of the date of her application and, therefore, allowed her current claim for SSI.

## DISCUSSION

Plaintiff asserts the ALJ erred in dismissing plaintiff's DIB application and in failing to reopen her prior applications. Because plaintiff fails to demonstrate any due process concerns regarding her failure to pursue the 2010 DIB application, the court finds no error in failing to reopen the application based on res judicata.

The Social Security Act (the Act), limits judicial review of the Commissioner's decisions to "any final decision ... made after a hearing." 42 U.S.C. § 405(g). A decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision and,

---

[1] The application for SSI benefits incorrectly alleges an onset date of June 1, 2008.

Page 2 - ORDER

therefore, is not subject to judicial review. Califano v. Sanders, 430 U.S. 99, 107-09 (1977). Sanders, however, recognized an exception where the constitution is implicated. Id. at 109. The Sanders exception applies to any colorable constitutional claim of a due process violation implicating the right to a meaningful opportunity to be heard. Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997). A challenge that is not "wholly insubstantial, immaterial, or frivolous" raises a colorable constitutional claim. Boettcher v. Sec'y of Health & Human Serv., 759 F.2d 719, 722 (9th Cir. 1985). However, plaintiff here does not directly assert due process concerns.

Plaintiff argues instead that because no hearing was held regarding her previous DIB application and the record is silent as to representation, the ALJ could not rely on res judicata to dismiss the application. While rigid application of res judicata may be undesirable where a claimant is not represented by counsel, Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988), plaintiff here does not demonstrate lack of counsel. Rather, plaintiff states, "there is no evidence that plaintiff was represented in her prior claim." Plaintiff's Opening Brief (#17) at p. 5. In response to defendant's assertion it is plaintiff's burden to prove lack of representation, plaintiff asserts:

> In order to prove that she never had a prior representative, Plaintiff would have to somehow produce every document she signed in connection with her prior claim, and demonstrate both the completeness of production and the absence of a representation agreement. By contrast, Defendant (who presumably still has a copy of Plaintiff's prior file in the archives) could simply present the Disability Determination Explanations connected with Plaintiff's prior claim, which would either show a representative, or show a lack of representation.

Plaintiff's Reply Brief (#21) at p. 3. Plaintiff, in essence, asks the defendant to build another administrative record regarding a proceeding never appealed to rebut her counsel's assertion that

plaintiff lacked counsel in the prior proceedings.[2] Plaintiff requests the court note a lack of evidence of representation in the record without the court actually having the record before it.

Nonetheless, the lack of representation is not, by itself, a reason to decline application of res judicata. The court may, however, consider that fact when deciding whether a plaintiff has raised a colorable due process violation. See Thompson v. Schweiker, 665 F.2d 936, 941 (9th Cir. 1982) (When a claimant is not represented by counsel, the ALJ has a duty to scrupulously and conscientiously probe into, inquire of, and explore all relevant facts; and where the record is patently inadequate to support the findings the ALJ made, application of res judicata is tantamount to a denial of due process). Due process requires that a claimant receive meaningful notice and an opportunity to be heard before her claim for disability benefits may be denied. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Plaintiff's focus on the lack of record support for representation in the prior proceedings neglects to address these due process considerations. The ALJ, however, considered and rejected whether lack of representation may have played a role in the opportunity to be heard when he determined that Social Security Ruling (SSR) 91-5p was inapplicable. Tr. 16.[3]

---

[2]Because plaintiff did not request a hearing, even if defendant provided the administrative record of the prior applications, that record would not shed light on whether plaintiff consulted counsel regarding the decision to request a hearing or seek an appeal. Moreover, plaintiff does not submit an affidavit affirming lack of counsel.

[3]SSR 91-5p provides that if a claimant presents evidence that mental incapacity prevented her from requesting timely review of an administrative action, and the claimant had no one legally responsible for prosecuting the claim on her behalf at the time of the prior adverse action, the Administration "will determine whether or not good cause exists for extending the time to request review." SSR 91-5p. "The claimant will have established mental incapacity for the purpose of establishing good cause when the evidence establishes that she lacked the mental capacity to understand the procedures for requesting review." SSR 91-5p. In making the 91-5p determination, the following four factors must be considered: (1) inability to read or write; (2) lack of facility with the English language; (3) limited education; and (4) any mental or physical condition which limits the claimant's ability to do things for him/herself. SSR 91-5p. In all cases,

Page 4 - ORDER

In addition, Gregory rejected application of res judicata for a host of reasons beyond lack of counsel including facts of a new impairment and, more importantly, the ALJ's effective decision to reopen the claim by considering its merits. Gregory, 844 F.2d at 666. Here, the ALJ did not consider the merits of the prior claim and thus there was no de facto reopening of that claim.

Plaintiff asserts she has presented new and material evidence necessitating reopening of the claim. The purported new evidence, however, was not presented by plaintiff in support of the prior claim, but was elicited by the ALJ when he asked a vocational expert to opine as to whether plaintiff could perform her past relevant work. These are not new facts, but interpretation of known facts. Cf. Gregory 844 F.2d at 666 (suggesting that res judicata may be inappropriate where the claimant has presented new facts to demonstrate that a prior determination of nondisability may have been incorrect). Plaintiff argues the medical record was essentially unchanged and a finding she was unable to perform her past relevant work would have led to a conclusion of disability in the prior application based on medical vocational rule 202.06, just as it did with respect to her current SSI application.

Regardless, plaintiff must present good cause for failing to timely request a hearing or appeal the prior decision. The Ninth Circuit holds that res judicata may apply if the claimant has failed to pursue an appeal and **has presented no new facts** in a subsequent application to demonstrate that there may have been inadequate grounds to support a determination of non-disability on the previous application. Thompson, 665 F.2d at 940 (emphasis added). However, a claimant is not entitled to

---

"[t]he adjudicator will resolve any reasonable doubt in favor of the claimant." SSR 91-5p. If it is determined the claimant lacked the mental capacity to understand the procedures for requesting review, time limits are tolled "regardless of how much time has passed since the prior administrative action." SSR 91-5p. Here, plaintiff does not explain why she failed to request a hearing or seek further review of the prior DIB application, even assuming a lack of counsel.

Page 5 - ORDER

a hearing where she has failed to meet deadlines unless she can prove good cause for missing those deadlines. Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985). I find no such good cause here, nor any cause whatsoever. Plaintiff did not request a hearing regarding the 2010 DIB application and thus the opportunity for vocational expert opinion was not possible. Requiring the Administration to reopen every case so a plaintiff may elicit expert opinions of an existing record would remove virtually any discretion the Commissioner has regarding the decision to reopen. Plaintiff has not shown good cause as to why she failed to seek a hearing or an appeal of the 2010 DIB application.

## CONCLUSION

At best, plaintiff presents a colorable claim of a failure to pursue an opportunity to be heard rather than denial of meaningful notice and an opportunity to be heard before her 2010 DIB application was denied. As noted above, the ALJ declined to reopen the application based on res judicata. While plaintiff asserts error based on the ALJ's refusal to reopen the prior claim, absent a constitutional claim, district courts have no jurisdiction to review a refusal to reopen a claim for disability benefits or a determination that such a claim is res judicata. Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985). Accordingly, this action is dismissed.

DATED this 16th day of May 2016.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge